Stacey Lee
staceylee121281@gmail.com
1800 E Old Ranch Rd Apt 126
Colton, CA 92324
213-278-2243
Plaintiff in Pro Se

FILED
CLERK, U.S. DISTRICT COURT
10/29/2025
CENTRAL DISTRICT OF CALIFORNIA
BY asi DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

Stacey Lee,
Plaintiff(s),
vs.
LVNV Funding LLC,
Defendant,

Case No.: 5:25-cv-02871-JGB-PVCx

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## INTRODUCTION

1. Plaintiff Stacey Lee ("Plaintiff") brings this action against Defendant LVNV Funding LLC ("Defendant"), for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.
2. This case arises from Defendant's inaccurate credit reporting to Experian, Equifax, and TransUnion, its failure to reasonably investigate Plaintiff's disputes, and its unlawful debt-collection conduct.
3. Plaintiff seeks actual, statutory, and punitive damages, as well as injunctive relief and other relief as provided by law.

## JURISDICTION AND VENUE

*Form prepared by Public Counsel.*
*© 2012, 2014, 2023 Public Counsel.*
*All rights reserved.*
*Revised: October 2023*

4. Jurisdiction is proper in this Court under 15 U.S.C. §§ 1681p and 1692k(d) and 28 U.S.C. § 1331 because this action arises under the laws of the United States.
5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant transacts business in this district and a substantial part of the events giving rise to this action occurred here.

## PARTIES

6. Plaintiff Stacey Lee is a natural person and a resident of Colton, California.
7. Defendant LVNV Funding LLC, is a debt purchaser headquartered at 55 Beattie Place, Suite 110, Greenville, SC 29601, that buys defaulted consumer debt.

## ARTICLE III STANDING

8. **Concrete Injuries**. Plaintiff has suffered anxiety, frustration, embarrassment, credit denials, and sleeplessness resulting from Defendant's continued failure to correct inaccuracies despite formal disputes.
9. **Causation**. Plaintiff's injuries are directly traceable to Defendant's furnishing of false information to consumer reporting agencies and its failure to conduct a reasonable investigation after receiving dispute notices.
10. **Redressability**. A favorable judgment ordering Defendant to correct or delete the inaccurate reporting, award damages, and enjoin further violations will redress Plaintiff's injuries.

## FACTUAL ALLEGATIONS

### A. Credit Reporting Inaccuracies & FCRA Violations

11. On or about June 11, 2025, Plaintiff received a notification that Defendant LVNV had been flagged as a collection account on her Experian credit report.
12. Concerned by this new information, Plaintiff reviewed her consumer reports from all three major credit reporting agencies (Experian, Equifax, and TransUnion) on 7/6/2025 and discovered the following inaccuracies:

A. Equifax:

*Form prepared by Public Counsel.*
*© 2012, 2014, 2023 Public Counsel.*
*All rights reserved.*
*Revised: October 2023*

- Open date 3/28/25 (inaccurate/misleading)
- DOFD 8/31/2024
- Last payment not reporting

B. TransUnion:

- Open date 3/28/25 (inaccurate/misleading)
- Account status listed "Open"
- Inaccurate loan type
- Last payment not reporting
- DOFD missing

C. Experian:

- Flagged as a collection account without consistent or accurate details regarding the debt.
- As of 7.25.25 the account has been deleted.

13. On July 5, 2025, at 9:26 am., Plaintiff conducted an audit call with Defendant. The representative provided: Open date 5/11/23; Closed date 2/28/25; Sold date 3/28/25; Last payment 7/9/24 ($25); Balance $699.21.

14. On July 29, 2025, at 11:53 am., Plaintiff confirmed the same information with Avant, the original creditor.

15. Despite confirming that the account closed 2/28/25 and sold 3/28/25, Defendant continued reporting it as open, with inconsistent payment history, including a "6/25 collection," contradicting last payment of 7/9/24.

16. On July 8, 2025, Plaintiff disputed these inaccuracies with Equifax and TransUnion under 15 U.S.C. § 1681i(a).

17. On July 24, 2025, TransUnion responded, changing the "last payment amount" to $0 and identifying "Debt Buyer."

18. On July 25, 2025, Equifax responded but still listed the account as "Open."

19. When Plaintiff checked updated reports on August 12, 2025, inaccuracies remained:

*Form prepared by Public Counsel.*
*© 2012, 2014, 2023 Public Counsel.*
*All rights reserved.*
*Revised: October 2023*

- Equifax: still listing collection dated 6/25.
- TransUnion: still showing inaccurate loan type.

20.Despite notice, Defendant failed to conduct a reasonable investigation into the disputed information as required by 15 U.S.C. § 1681s-2(b) and continued furnishing false and inconsistent data.

21. Defendant also failed to report the required Date of First Delinquency ("DOFD") to any consumer reporting agency, in violation of 15 U.S.C. § 1681s-2(a)(5)(A). This omission caused the debt to appear more recent than it was and extended its reporting period beyon d that permitted by law.

22. Having received multiple dispute notifications from Equifax and TransUnion yet continuing to report inaccurate data, Defendant's conduct was willful, reckless, or at minimum negligent under 15 U.S.C. §§ 1681n and 1681o.

23. These inaccuracies lowered Plaintiff's credit score, caused the denial of a credit application and resulted in emotional distress, anxiety, and loss of time spent seeking correction.

## CLAIMS FOR RELIEF

### Count I – Violation of the Fair Credit Reporting Act

### (15 U.S.C. § 1681s-2(b) – Duties of Furnishers After Notice of Dispute)

24.Plaintiff realleges and incorporates all preceding paragraphs as though fully set forth herein.

25.Under 15 U.S.C. § 1681s-2(b), after receiving dispute notice from CRA, a furnisher of information must:

a. Conduct a reasonable investigation;

b. Review all relevant information from the CRA;

*Form prepared by Public Counsel.*
*© 2012, 2014, 2023 Public Counsel.*
*All rights reserved.*
*Revised: October 2023*

c. Report the results of the investigation to the CRA;

d. If information is inaccurate or incomplete, report that to all CRAs and modify, delete, or block it.

26. On July 8, 2025, Plaintiff submitted disputes to Equifax and TransUnion regarding the account status and open date.

27. Defendant received notice of these disputes, triggering its statutory duties under § 1681s-2(b).

28. Despite notice, Defendant willfully and/or negligently failed to conduct a reasonable investigation and to correct or delete the inaccurate information, in violation of 15 U.S.C. § 1681s-2(b)(1)(A)–(E).

29. Defendant continued to furnish false and misleading information after Plaintiff's disputes.

30. As a result of Defendant's violations, Plaintiff suffered actual damages, including loss of creditworthiness, harm to her reputation, emotional distress, anxiety, and frustration.

31. Defendant's conduct was willful, entitling Plaintiff to statutory damages of up to $1,000, punitive damages, and attorney's fees under 15 U.S.C. § 1681n. In the alternative, Defendant's conduct was negligent, entitling Plaintiff to actual damages and attorney's fees under 15 U.S.C. § 1681o.

**Count II – Violation of the Fair Debt Collection Practices Act**

**(15 U.S.C. §§ 1692e & 1692f )**

32. Plaintiff realleges and incorporates all preceding paragraphs as though fully set forth herein.

33. Defendant is a "debt collector" within 15 U.S.C. § 1692a(6) because its princi pal business is collecting defaulted consumer debts originally owed to others, including Plaintiff's alleged debt.

*Form prepared by Public Counsel.*
*© 2012, 2014, 2023 Public Counsel.*
*All rights reserved.*
*Revised: October 2023*

34.Defendant's continued furnishing of false credit information was an attempt t o pressure Plaintiff to pay a disputed debt and constitutes a communication in connection with collection activity.

35. Defendant violated § 1692e by using false or misleading representations in co llecting a debt, including:

a. Misrepresenting the character, amount, or legal status of the debt throu gh inaccurate open dates and statuses; and

b. Creating a false impression that the account was open after being close d and sold.

36. Defendant communicated credit information it knew or should have known t o be false, including omitting the Date of First Delinquency, in violation of § 1 692e(8).

37.Defendant also violated § 1692f by using unfair and unconscionable means to collect a debt, including continuing to report inaccurate information after noti ce of dispute.

38.As a direct result of these violations, Plaintiff suffered emotional distress, me ntal anguish, and credit harm.

39. Defendant is liable for statutory damages up to $1,000, actual damages, costs, and attorney's fees under 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Award actual damages;
2. Award statutory damages under the FCRA and FDCPA;
3. Award punitive damages where allowed by law;
4. Award costs and reasonable attorney's fees;
5. Grant injunctive relief prohibiting future violations; and

*Form prepared by Public Counsel.*
*© 2012, 2014, 2023 Public Counsel.*
*All rights reserved.*
*Revised: October 2023*

6. Grant such other relief as the Court deems just and proper.

Respectfully submitted:

Dated: 10/29/2025

Stacey Lee

Plaintiff in Pro Se

*Form prepared by Public Counsel.*
*© 2012, 2014, 2023 Public Counsel.*
*All rights reserved.*
*Revised: October 2023*